3/25/2014 ENTERED OCT 2 7 2014

STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                           CIVIL ACTION
                                 DOCKET NO. PORSC-RE-12-291


* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

CITIMORTGAGE, INC.    •
            PLAINTIFF

v.

MICHAEL TAPLEY, A/K/A MICHAEL J.
TAPLEY
AND
DAVID BRADY, A/K/A DAVE M. GRADY          C
            DEFENDANTS

AND

CHEVY CHASE BANK, F.S.B.
            PARTY IN INTEREST


* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CONSENTED JUDGMENT OF FORECLOSURE AND SALE
## WITH WAIVER OF REDEMPTION
## TITLE TO REAL ESTATE IS INVOLVED


27 Georgia Street, Portland, Maine 04103
Cumberland County Registry of Deeds Book 24033, Page 159

With the consent of the parties who have appeared in this action, the Court finds as follows:

1. The Defendants have breached the conditions of the Mortgage given by Michael Tapley and David Brady to Mortgage Electronic Registration Systems, Inc., as nominee for DownEast Mortgage Corporation, its successors and assigns, dated June 1, 2006 and recorded in the Cumberland County Registry of Deeds in Book 24033, Page 159 (the "Mortgage"), by defaulting on the Promissory Note secured thereby. The Mortgage was assigned to CitiMortgage, Inc., evidenced by assignment recorded December 16, 2011 in Book 29207, Page 234. The Mortgage was further assigned to CitiMortgage, Inc., evidenced by assignment recorded November 7, 2012 in Book 30104, Page 279. The subject property is located at 27 Georgia Street, Portland, Maine 04103 and is more

04103 and is more particularly described in the legal description attached hereto as Exhibit A (the "Premises").

2. As of April 9, 2013, the following amounts are owed to the Plaintiff under the terms of the Note and Mortgage:

| | |
|---|---|
| Principal Balance | $231,861.67 |
| Accrued Interest | $32,587.53 |
| Escrow Advance | $7,523.35 |
| Late Charges | $1,002.27 |
| Appraisal Fees | $110.00 |
| Property Inspection Fees | $337.50 |
| Property Preservation Fees | $340.00 |
| Interest on Escrow Advance | $162.45 |
| Attorney's Fees and Costs | $2,743.00 |
| Total | $276,667.77 |

Additional pre-judgment interest is accruing and post-judgment interest will accrue at a rate of 7.25% per annum in accordance with the Note and 14 M.R.S. §§ 1602-B and 1602-C. Additional attorney's fees, real estate taxes, costs and amounts advanced to protect the security of Plaintiff's mortgage may continue to accrue through the date of redemption or sale and the completion of these proceedings.

3. The Defendants, Michael Tapley and David Brady, have waived the 90-day period of redemption pursuant to 14 M.R.S. §6322.

4. The order of priority of any party appearing in this action is as follows:

First Priority:    The Mortgage held by CitiMortgage, Inc. recorded in the Cumberland County Registry of Deeds in Book 24033, Page 159. The amount due the Plaintiff is as set forth above.

Second Priority: Michael Tapley, a/k/a Michael J. Tapley and David Brady, a/k/a Dave M. Grady

5. The following party was named in this action but has not answered or otherwise appeared, and therefore is not a necessary party to this consent judgment:

Chevy Chase Bank, F.S.B.

6. There are no public utility easements affected by this action.

7. The names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

    a.    CitiMortgage, Inc.
        1610 E. St. Andrews Pl
        #B150
        Santa Ana, CA 92705

    Counsel:    Leonard F. Morley, Jr., Esq. #3856
                William B. Jordan, Esq. #461
                Elizabeth P. Hunt, Esq. #3162
                Shapiro & Morley, LLC
                707 Sable Oaks Dr., Suite 250
                South Portland, Maine 04106
                (207) 775-6223

    b.    Michael Tapley, a/k/a Michael J. Tapley
        27 Georgia Street
        Portland, ME 04103

    Counsel:    Pro Se

    c.    David Brady, a/k/a Dave M. Grady
        27 Georgia Street
        Portland, ME 04103

    Counsel:    Pro Se

    d.    Chevy Chase Bank, F.S.B.
        c/o CSC-Lawyers Incorporating Service Company
        7 St. Paul Street, Suite 1660
        Baltimore, MD 21202

    Counsel:    Unknown

8. The docket number for this action is PORSC-RE-12-291.

9. All parties have received notice of these proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure and any order of this Court.

10.    The Court finds that the procedure set forth in 14 M.R.S. § 6013 for the removal and disposal of any personal property remaining at the subject real property following any public sale shall be applicable to this proceeding notwithstanding the lack of any landlord/tenant relationship.

IT IS THEREFORE ORDERED AND ADJUDGED that:

a. Judgment of Foreclosure and Sale is hereby entered in favor of CitiMortgage, Inc. CitiMortgage, Inc., its successors and assigns, shall sell the Premises pursuant to 14 M.R.S. § 6321 et seq., and shall disburse the proceeds of the sale, after deducting the expenses thereof, in the following order:

First, to CitiMortgage, Inc., its successors and assigns, as set forth above;

Second, the surplus proceeds, if any, to Michael Tapley, a/k/a Michael J. Tapley and David Brady, a/k/a Dave M. Grady in accordance with 14 M.R.S. § 6324.

b. All remaining rights of the Defendants to possession shall terminate upon entry hereof. Defendants are ordered to vacate the real estate, and a Writ of Possession shall issue to the Plaintiff for possession of the real property upon application for the same.

c. The Plaintiff shall follow the procedure set forth in 14 M.R.S. § 6013 for the removal and disposal of any personal property remaining at the subject real property following any public sale.

d. The Court specifically finds that there is no just reason for delay of the entry of final judgment for the relief requested in Plaintiff's complaint, and the Clerk is directed to enter this Order as a final judgment pursuant to Rule 54.

e. If an appeal is not filed and the Clerk has so certified, CitiMortgage, Inc. shall be responsible for recording an attested copy of this judgment in the Cumberland County Registry of Deeds and paying the recording fee.

f. Pursuant to Rule 79(a) this Order may be incorporated by reference on the Civil Docket.

Dated: 3/25/14

_____
Justice, Superior Court

Entered On:

STATE OF MAINE
Cumberland ss. Clerk's Office

MAR 25 2014

RECEIVED

Seen and Agreed:

_____
Michael Tapley, a/k/a Michael J. Tapley

_____
Date  4/8/13

_____
David Brady, a/k/a Dave M. Grady

_____
Date  4/8/13

CitiMortgage, Inc.

_____
By:  Leonard F. Morley, Jr., Esq. #3856
     William B. Jordan, Esq. #461
     Elizabeth P. Hunt, Esq. #3162

_____
Date  4/12/13

This document may be executed with counterpart original signature pages which together may constitute a complete written agreement.

## Exhibit A - Mortgage

A certain lot or parcel of land with the buildings thereon situated on the westerly side of Georgia Street in the City of Portland, County of Cumberland, and State of Maine, being Lot No. 4 as shown on plan of Georgia Estates, Lambert Street, Portland, Maine, made by Group; design, surveyed by Gary E. Johnson, Registered Land Surveyor, adn recorded in the Cumberland County Registry of Deeds in Plan Book 164, Page 34, as amended January 30, 1990 and recorded in said Registry of Deeds in Plan Book 184, Page 5, to which plans reference is hereby made for a more particular description.

This conveyance is subject to the rights and privileges conveyed by Grace Baptist Church to Central Maine Power Company and New England Telephone & Telegraph Co. by deed dated July 23, 1987 and recorded in the Cumberland County Registry of Deeds in Book 7990, Page 317.

Reference is hereby made to a deed to the mortgagor(s) of near or even date to be recorded herewith.

Reviewed/Initialed

## CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S. § 2401(3) (F)

Pursuant to 14 M.R.S. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court in this action within the appeal period following entry of judgment or that the final judgment has been entered after remand following an appeal.

Dated: _____          _____
                                    Clerk of Court

11-015485